**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CEVA ANIMAL HEALTH, LLC, | |
| *Plaintiff*, | |
| v. | Case No. 24-CV-2130-EFM |
| MUSTANG FLIERS, INC. and JOHN DOES 1–10, | |
| *Defendants*. | |

## MEMORANDUM AND ORDER

Before the Court are pro se movant Paul Butler's Motions to Dismiss (Doc. 6–8) and Plaintiff Ceva Animal Health, LLC ("Ceva")'s Motion to Strike (Doc. 9). Butler's motions seek to dismiss this case against him and his dissolved company, Defendant Mustang Fliers, Inc. ("Mustang"). Plaintiff moves to strike, or alternatively, deny Butler's motions. Plaintiff contends that Butler, as a pro se individual, may not represent Mustang because it is a corporate entity, and he may not represent himself because he is a non-party to the suit. Butler denies representing Mustang and claims he is a party to the suit. Because Butler lacks standing to challenge Plaintiff's claims against Mustang or the John Doe defendants, the Court grants Plaintiff's Motion to Strike and denies Butler's Motions to Dismiss.

I.      **Facts and Procedural Background**[1]

On April 3, 2024, Plaintiff filed suit against Mustang for various claims arising from Mustang's alleged misappropriation of Plaintiff's trademarks. In its Complaint, Plaintiff named only one defendant—Mustang. However, Plaintiff believed that other individuals may have been responsible for its alleged harm. Thus, Plaintiff also included numerous John Doe defendants with the intent to amend its Complaint should it identify these unknown defendants in the future.

On May 1, 2024, Butler filed three pro se Motions to Dismiss, claiming to be one of the John Doe defendants.[2] Plaintiff's Complaint alleges that Butler is the sole officer of Mustang. Butler neither directly confirms nor denies his role at Mustang in his subsequent Motions to Dismiss, but he does imply at least some previous association with Mustang. Regardless, the Complaint clearly does not list Butler as a named defendant.

The day after Butler filed his Motions to Dismiss, Plaintiff moved to strike all of them, arguing that Butler was neither a party to this action nor a licensed attorney in the state of Kansas. Because of this, Plaintiff asserts that Butler cannot file anything on his own behalf or on Mustang's behalf.

On the same day, Butler responded, arguing that he filed his motions on behalf of himself as an individual—not on behalf of Mustang. Butler further contends that the references to Butler in Plaintiff's Complaint allow him to represent himself as one of the John Doe defendants.

On May 6, 2024, Plaintiff replied, directly refuting Butler's assertion that he is a defendant in this action. Plaintiff argues that Butler is not a party to the case because the only named

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

[2] At the beginning of each of his motions, Butler refers to himself as a "John Doe 1–10 Individually, pro se," "[i]ndividual listed as John Doe 1–10 Individually, pro se," or "individual named as 'John Doe 1–10.'"

defendant is Mustang, and Butler has no legal basis for attempting to redraft the Complaint by claiming to be a defendant.

## II.      Legal Standard

The Constitution limits federal courts' judicial power to "[c]ases" and "[c]ontroversies."[3] "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."[4] The "'constitutional limitation of federal-court jurisdiction to actual cases and controversies' is 'fundamental to the judiciary's proper role in our system of government'—indeed, '[n]o principle is more fundamental.'"[5]

The doctrine of standing focuses on the parties of the case and their ability to invoke the court's jurisdiction, not on the substantive issues which they bring before the court.[6] Because it involves the court's power to entertain the suit, constitutional standing is a threshold issue in every case before a federal court.[7] Thus, every "litigant must have standing to challenge the action sought to be adjudicated in the lawsuit."[8] For non-party movants to have standing, they must successfully intervene in the existing action.[9] If non-parties do not attempt to intervene, then they do not have

---

[3] U.S. Const. art. III, § 2, cl. 1.

[4] *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

[5] *Fareed v. U.S. Dep't of Homeland Sec.*, 2023 WL 8599336, at *5 (D. Kan. Dec. 12, 2023) (quoting *DaimlerChrysler Corp.*, 547 U.S. at 341).

[6] *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 38 (1976) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

[7] *O'Connor v. Washburn Univ.*, 416 F.3d 1216, 1222 (10th Cir. 2005).

[8] *Speech First, Inc. v. Shrum*, 92 F.4th 947, 949 (10th Cir. 2024) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)).

[9] *See Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 680 (D.N.M. 2017) ("[C]ourts recognize that intervention is the method by which a nonparty achieves standing to make a . . . motion."); *see also EEOC v. E. Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984) ("[The non-party's] right to move to vacate the consent decree was . . . predicated on her ability to intervene successfully in the [action]. Otherwise [the non-party], would lack standing to move to vacate the consent decree, or to make any other motion, in the [action].").

standing to make motions.[10] Thus, it is procedurally improper for non-parties to file motions if they have not successfully intervened.[11]

### III.    Analysis

Plaintiff moves to strike Butler's Motions to Dismiss. As provided by Federal Rule of Civil Procedure 12(f), the court may strike from any "*pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[12] Imperatively, motions to dismiss are not pleadings.[13] Thus, a party cannot use Rule 12(f) "to strike motions, memoranda, responses, or replies."[14] Although exceptions to this general rule exist, the Court need not consider them here because Plaintiff alternatively requests that the Court deny Butler's Motions to Dismiss. Thus, the Court will construe the arguments within Plaintiff's motion as a response to Butler's motions.

Plaintiff asserts that Butler lacks standing to move to dismiss on two grounds. First, Butler cannot represent a corporation pro se. Second, Butler cannot file motions in a case to which he is a non-party. The Court addresses each of these issues in turn.

---

[10] *See E. Airlines, Inc.*, 736 F.2d at 637; *see also 1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.,* 597 F. Supp. 3d 557, 566 (S.D.N.Y. 2022).

[11] *PSC Cmty. Servs.*, 597 F. Supp. 3d at 566 ("[N]one of the [m]ovants here filed motions to intervene in this action for the purposes of seeking dismissal of the Petition or the requested preliminary injunction. Instead, they filed their motions and assumed that they were entitled to seek the requested relief as non-parties and non-intervenors. This was *procedurally improper*." (emphasis added)); *see also Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987) ("[W]e conclude that the district court properly refused to consider [the] motion to vacate because the motion was filed by a *nonparty*." (emphasis added)).

[12] Fed. R. Civ. P. 12(f) (emphasis added).

[13] *Ray v. Core Carrier Corp.*, 2021 WL 365092, at *2 (D. Kan. Feb. 3, 2021).

[14] *Id.* (quoting *Lemmons v. Evcon Indus., Inc.*, 2011 WL 2790195, at *8 (D. Kan. July 14, 2011), *amended*, 2011 WL 6718740 (D. Kan. Dec. 21, 2011)).

**A.      Butler lacks standing to represent Mustang in this action because pro se movants are not authorized to represent corporations.**

Plaintiff claims that Butler is not authorized to represent Mustang because the law prohibits individuals from representing a corporation pro se. Butler contends, however, that he does not represent Mustang but only represents himself individually.

This Court has denied motions to dismiss made by pro se defendants representing defendant corporations.[15] Business entities "may not appear in federal court pro se or through a non-attorney corporate officer, but instead [they] must be represented by a licensed attorney admitted to practice in this court."[16]

Here, Butler holds himself out as a pro se representative and provides no evidence that he is a licensed attorney. Despite Butler's assertions to the contrary, his Motions to Dismiss make arguments on behalf of himself as an individual and for Mustang. For example, Butler asserts defenses on behalf of Mustang, arguing that Mustang "should be dismissed," "should not be [used] as a reference for any lawsuit," and that "Plaintiff cannot proceed with this lawsuit against Defendant(s)." Without any indication that Mustang is represented by licensed counsel, Mustang has no standing to enter filings on this Court's docket, and Butler has no standing to make arguments on Mustang's behalf. Accordingly, the Court rejects the parts of Butler's Motions to Dismiss that pertain to Mustang.

**B.      Butler lacks standing to move to dismiss this case because he is a non-party to this action.**

Plaintiff further argues that Butler cannot respond as a party to this case because he is not a named defendant. Butler, however, maintains that he is a named defendant. Curiously, Butler

---

[15] *See Glahn v. W. Hills Cap., LLC*, 2024 WL 1513513, at *3 (D. Kan. Apr. 8, 2024).

[16] *Coleman Co. v. Bulton Enters. Co.*, 2012 WL 10355, at *3 (D. Kan. Jan. 3, 2012).

identifies himself as one of the John Does that Plaintiff names in the Complaint. This presents an unusual and unique issue for the Court to address.

"Generally, a person must be named in the complaint to be a party in a federal action."[17] Non-parties cannot move to dismiss a claim on behalf of an actual party to the case.[18] As noted by the Tenth Circuit, the "Rules of Civil Procedure do not provide for naming unknown fictitious parties."[19] Thus, case law and local rules provide the best guidance for how John Doe defendants operate. A John Doe defendant serves "as a placeholder when the identity of a particular defendant is unknown at the time of filing."[20] It is not clear exactly when John Doe defendants should be identified.[21] Despite this ambiguity, case law supports that John Doe defendants are identified by the plaintiff.[22] Once identified, the plaintiff substitutes the named defendant for the original John Doe defendant by amending the complaint through Federal Rule of Civil Procedure 15.[23] This substitution suggests that a John Doe defendant is a distinctly different party than a later-named

---

[17] *Fulbright v. Jones*, 2012 WL 4470632, at *3 (W.D. Okla. Aug. 13, 2012), *adopt'g R. & R.*, 2012 WL 4471207 (W.D. Okla. Sept. 26, 2012).

[18] *Shultz v. Nomac Drilling, LLC*, 2017 WL 2958621, at *2 (W.D. Okla. July 11, 2017) (finding that parties cannot move to dismiss claims that are not asserted against them); *Qwest Corp. v. Ariz. Corp. Comm'n*, 2009 WL 3059127, at *5 (D. Ariz. Sept. 23, 2009); *Chabad Lubavitch of Litchfield Cnty. Inc. v. Borough of Litchfield*, 2010 WL 1882308, at *3 (D. Conn. May 10, 2010) ("Rule 8(b)(1) . . . states that, in responding to a pleading, a party must state '*its* defenses to each claim asserted against *it*.' . . . Thus, it follows that a party may only file a Rule 12(b) motion presenting a defense to claims asserted against *it*." (emphasis added) (further footnotes, citations, and quotations omitted)).

[19] *Hardy v. Bernalillo Cnty. Det. Ctr.*, 1996 WL 713848, at *1 (10th Cir. Sept. 25, 1996).

[20] *Connell v. Nat'l Outdoor Leadership Sch.*, 2020 WL 13049356, at *9 (D. Wyo. Apr. 27, 2020).

[21] *Power v. GEO Grp.*, 2021 WL 5919131, at *1 (D.N.M. Dec. 15, 2021).

[22] *See BPS v. Bd. of Trs. for Colo. Sch. for the Deaf & Blind*, 2014 WL 6990312, at *14 (D. Colo. Apr. 28, 2014), *adopt'g R. & R.*, 2014 WL 6990331 (D. Colo. Dec. 10, 2014) ("Plaintiffs have now had more than eighteen months . . . to obtain the identities of the John Doe Defendants . . . and thus make them parties to this lawsuit."); *see also Nichols v. Houston*, 2015 WL 13662761, at *15 (D.N.M. Apr. 10, 2015) ("Plaintiff has had well over a year to obtain the identities of the John Doe Defendants . . . and make them parties to the lawsuit.").

[23] *See Bell v. City of Topeka*, 279 F. App'x 689, 692 (10th Cir. 2008); *see also* Fed. R. Civ. P. 15.

defendant. Until that defendant is later named, it remains a non-party. And non-parties may not use the Rule 15 amendment process to substitute themselves for existing parties.[24]

In this case, Butler cannot be a named party since Plaintiff has not named him in its Complaint. Butler asserts to be a named party by claiming to be a John Doe defendant, but this approach is legally deficient; John Doe defendants, by their very nature, are unnamed.[25] Since John Doe defendants exist on their own as unnamed entities, Butler cannot claim to be a named party as a John Doe defendant.

Additionally, Butler cannot substitute himself for a John Doe defendant. Doing so would effectively allow him to indirectly amend the Complaint—something only Ceva, as the Plaintiff, can do. As a result, Butler is a non-party to this action. Furthermore, Butler as a non-party has not procedurally attempted to intervene in this action in accordance with Federal Rule of Civil Procedure 24. Thus, Butler does not have standing to make the Motions to Dismiss, and this Court need not address the substantive arguments Butler raises in these motions.[26] Consequently, the Court denies Butler's Motions to Dismiss.

**IT IS THEREFORE ORDERED** that Movant Paul Butler's Motions to Dismiss (Docs. 6–8) are **DENIED**.

---

[24] *Česká Zbrojovka Def. SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023) (holding that that "[o]nly a party may amend a complaint," and a non-party may not invoke Rule 15 to substitute itself for an existing party).

[25] *See Connell*, 2020 WL 13049356, at *9.

[26] *See Simon*, 426 U.S. 26, 38 (1976); *see also E. Airlines, Inc.*, 736 F.2d at 637.

**IT IS FURTHER ORDERED** that Plaintiff Ceva Animal Health, LLC's Motion to Strike (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2024.


*Eric F. Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE